IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO CHRISTIAN, | ) | |
| | ) | Civil Action No. 13 – 1371 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| PA BOARD OF PROBATION AND PAROLE, | ) ) ) | |
| Defendant, | ) | |

## MEMORANDUM ORDER

**AND NOW**, this 20th day of September, 2013, upon consideration of the "Statement of Claim" (ECF No. 1) filed by Plaintiff Julio Christian ("Plaintiff"), and it appearing that the action should have been brought before the United States District Court for the Middle District of Pennsylvania, *see* 28 U.S.C. § 1404(a) ("For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also* Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (stating factors to consider when deciding whether to transfer case), because Plaintiff, who is incarcerated at SCI-Rockview, located within the Middle District of Pennsylvania, is alleging claims against the Pennsylvania Board of Probation and Parole, located in Harrisburg, Pennsylvania, within the Middle District of Pennsylvania, *see* Jumara, 55 F.3d at 879 (stating that location of parties is a factor) for conduct that presumably arose in the Middle District of Pennsylvania, *see* id. (stating that where claim arose is a factor), because discovery, if any, may involve witnesses and documents located within that district, *see* id. (stating that

1

location of witnesses and discoverable evidence is a factor), and because that district likely has a strong interest in deciding this controversy, *see* id. (stating that local interest in deciding case is a factor), and the Court finding that practical and economic considerations of conducting discovery and trial in a location near the parties and witnesses weigh in favor of transfer, *see* id. (stating that public and practical considerations are factors); *see also* Hill v. Guidant Corp., 76 F. Supp. 566, 570-71 (M.D. Pa. 1999) (stating that in considering transfer of case, convenience of non-party witnesses residing more than 100 miles from the court weigh heavily), and it would be in the interests of justice and judicial economy to transfer this case because it does not appear that any of the alleged events occurred within this district, it is hereby **ORDERED** that;

1. The Clerk of Court is directed to transfer the above-captioned case to the United States District Court for the Middle District of Pennsylvania.  *See* 28 U.S.C. § 1404(a); Jumara, 55 F.3d at 879.

2. The Clerk of Court is directed to **CLOSE** this case and **TRANSFER** forthwith.

/s/ Lisa P. Lenihan
Lisa P. Lenihan
Chief United States Magistrate Judge

cc: Julio Christian
AY9428
S.C.I. Rockview
Box A
Bellefonte, PA  16823-0820